**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JIMMY R. NICKS and JAMES EARL PATRICK, individually and on behalf of all persons similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 16 CV 6446 |
| v. | ) ) | Judge: |
| KOCH MEAT CO, INC. d/b/a KOCH FOODS, KOCH FOODS OF MISSISSIPPI, LLC, and JET POULTRY SERVICES, INC., | ) ) ) ) | Amy St. Eve<br><br>Magistrate Judge:<br>Michael T. Mason |
| Defendants. | ) ) | |

**KOCH DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR**
**<u>MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER</u>**

Stephen Novack (snovack@novackmacey.com)
Courtney D. Tedrowe (cdt@novackmacey.com)
Andrew P. Shelby (ashelby@novackmacey.com)
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, IL 60606
(312) 419-6900

Scott W. Pedigo (spedigo@bakerdonelson.com)
Russell W. Gray (rgray@bakerdonelson.com)
Baker, Donelson, Bearman
    Caldwell & Berkowitz, P.C.
100 Vision Drive, Suite 400
Jackson, MS 39211
Telephone: (601) 351-2400
Doc. #849342

## TABLE OF CONTENTS

SUMMARY ..................................................................................................................1

RELEVANT BACKGROUND FACTS ....................................................................1

ARGUMENT ...............................................................................................................3

I.    Koch Mississippi Should Be Dismissed For Lack Of Personal Jurisdiction ...................... 3

    A.    Applicable Law ..............................................................................................3

    B.    This Court Does Not Have General Jurisdiction Over Koch Mississippi ............. 3

    C.    This Court Does Not Have Specific Jurisdiction Over Koch Mississippi ............. 5

II.    This Case Should Be Dismissed For Improper Venue ....................................... 6

    A.    No Venue Under Section 1391(b)(1) ..................................................... 6

    B.    No Venue Under Section 1391(b)(2) ......................................................7

    C.    No Venue Under Section 1391(b)(3) .......................................................7

III.    Alternatively, Even If The Court Finds Venue Is Proper In This District, It Should Exercise Its Discretion And Transfer The Action Pursuant To 28 U.S.C. § 1404(a)......... 8

    A.    The First Requirement For Transfer Is Assumed ...................................................9

    B.    The Second Requirement For Transfer Is Satisfied ...............................................9

    C.    The Third Requirement For Transfer Is Satisfied .................................................9

        1.    Plaintiffs' Choice Of Forum ...................................................................9

        2.    Situs Of Material Events .......................................................................10

        3.    Convenience Of The Parties .................................................................10

        4.    Convenience Of The Witnesses............................................................11

    D.    The Fourth Requirement For Transfer Is Satisfied ............................................ 12

        1.    Speed To Trial ......................................................................................12

        2.    The Courts' Familiarity With Applicable Law ....................................... 13

        3.    Desirability Of Resolving Controversies In Each Locale ....................... 13

4.    Relation Of Each Community ................................................................. 13

CONCLUSION.................................................................................................................. 14

Defendants Koch Meat Co., Inc. ("Koch Meat") and Koch Foods of Mississippi, LLC ("Koch Mississippi") (collectively, the "Koch Defendants"), pursuant to Federal Rules of Civil Procedure 12(b)(2) and (b)(3) and 28 U.S.C. §§ 1391, 1404 and 1406, submit this Memorandum in Support of their Motion to Dismiss, or in the Alternative, to Transfer. This Motion should be granted for the reasons set forth below.

## SUMMARY

For reasons known only to Plaintiffs, they filed their purported Collective Action Complaint (the "Complaint" or "Compl. ¶ __") in Illinois. Yet, according to the Complaint, Plaintiffs are Mississippi residents, and none of the activities at issue in the lawsuit occurred in Illinois. One of the two Koch Defendants (Koch Mississippi) is a Mississippi resident, which has no operations outside of Mississippi and no presence in Illinois that would subject it to personal jurisdiction in this Court. According to the Complaint, the other Defendant -- JET Poultry Services, Inc. ("JET") -- is also a Mississippi resident, and we understand that it is also seeking to be dismissed for lack of personal jurisdiction.

Accordingly, the Court should: (1) dismiss Koch Mississippi for lack of personal jurisdiction; and (2) dismiss this entire suit for improper venue; or (3), in the alternative, transfer this case to the Southern District of Mississippi, Northern Division.

## RELEVANT BACKGROUND FACTS

The Complaint purports to allege violations of the Fair Labor Standards Act (the "FLSA"). It alleges that Plaintiffs are members of "live-haul crews" who catch chickens and place them in cages for transport to poultry processing plants, including one operated by Koch Mississippi. (Compl. ¶ 24 (Dkt. No. 1).) None of the live-haul operations at issue took place in Illinois. (*Id.* ¶ 21.) Plaintiffs allege that JET provides live-haul crews to the Koch Defendants outside of Illinois and that all Defendants failed to pay Plaintiffs the "full and legally mandated

overtime premium for hours worked over forty (40) during the workweek." (*Id.* ¶¶ 21, 25-26, 58.)

The Complaint alleges that Plaintiffs are Mississippi residents. (*Id.* ¶¶ 3-4.) Defendant JET Poultry Services, Inc. ("JET") is a Mississippi corporation headquartered in Summit, Mississippi. (*Id.* ¶ 9.)

Defendant Koch Mississippi is a Mississippi limited liability company headquartered in Morton, Mississippi. (*Id.* ¶ 7.) Koch Mississippi conducts no poultry processing activities outside the State of Mississippi, and has no processing plants outside of Mississippi. (See Declaration of Laney M. White dated August 3, 2016, attached hereto as Exhibit A ("White Decl.") ¶¶ 7-8.) Koch Mississippi owns and operates a slaughter plant in Morton, Mississippi (the "Slaughter Plant") that processes live broiler chickens and packages them for shipment to customers or for delivery to other plants for additional processing. Declaration of Ronnie Joe Keyes dated August 3, 2016, attached hereto as Exhibit B ("Keyes Decl.") ¶ 4.) All growers who raise chickens supplied to the Slaughter Plant -- commonly referred to as "grow-out" operations -- are located in Mississippi. (*Id.* ¶¶ 5-6.)

The business records of Koch Mississippi relating to its grow-out operations are located in Mississippi. (*Id.* ¶ 9.) Koch Mississippi does not employ anyone in Illinois, is not registered to do business in Illinois, does not have an office in Illinois, does not own any real property in Illinois, does not pay any income or property taxes to the State of Illinois, and does not have any Illinois telephone listing or telephone number. (See Declaration of Lance Buckert dated August 3, 2016, attached hereto as Exhibit C ("Buckert Decl.") ¶¶ 4-9.)

Defendant Koch Meat is an Illinois corporation headquartered in Park Ridge, Illinois. (Compl. ¶ 5.) Koch Meat does not own any live chickens or engage in any live-haul operations,

does not own any facilities that process any live chickens, and does not have any business records relating to any services provided by either Jet Poultry Services, Inc. or Jet Poultry, Inc. (Buckert Decl. ¶¶ 10-12.)

## ARGUMENT

### I. Koch Mississippi Should Be Dismissed For Lack Of Personal Jurisdiction

#### A. Applicable Law

Rule 12(b)(2) provides for dismissal of an action when a court lacks personal jurisdiction over a party. "In ruling on a motion to dismiss pursuant to Rule 12(b)(2), a court may consider matters outside of the pleadings." *Clover Techs. Grp., LLC v. Oxford Aviation, Inc.*, 993 F. Supp. 2d 872, 876 (N.D. Ill. 2013) (citing *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)). Once a defendant files such a motion, the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir. 2004). When the motion is taken on written submissions, the plaintiff must make out a prima facie case of personal jurisdiction. *Clover Techs.*, 993 F. Supp. 2d at 876.

The Supreme Court has identified two types of personal jurisdiction: (1) specific jurisdiction and (2) general jurisdiction. *Jennings*, 383 F.3d at 549. As described below, general jurisdiction exists where a defendant has continuous and systematic contacts with the forum state, while specific jurisdiction exists for controversies that arise out of or are related to the defendant's forum contacts. As demonstrated below, this Court has neither general nor specific personal jurisdiction over Koch Mississippi, so it must be dismissed pursuant to Rule 12(b)(2).

#### B. This Court Does Not Have General Jurisdiction Over Koch Mississippi

In *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), the Supreme Court recently "clarified [and] raised the bar" for general personal jurisdiction over business entities, such as Koch Mississippi. *Kipp v. Ski Enter. Corp. of Wis., Inc.*, 783 F.3d 695, 698 (7th Cir. 2015). In

*Daimler*, the Court stated that business entities are subject to general personal jurisdiction in "instances in which the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit . . . *on causes of action arising from dealings entirely distinct from those activities.*" *Daimler*, 134 S. Ct. at 761 (emphasis in original) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945)). The Court held that general jurisdiction can exist over a corporation in <u>only</u> three places: (1) its place of incorporation; (2) its principal place of business; and (3) in "exceptional case[s]," a state where the defendant's operations are "so substantial and of such a nature as to render the corporation *at home.*" *Id.* (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011)) (emphasis added). The *Daimler* test applies to foreign limited liability companies, such as Koch Mississippi. *See, e.g., Holman v. AMU Trans., LLC*, No. 14 C 4407, 2015 WL 3918488, at *3-*3 (N.D. Ill. June 25, 2015) (applying *Daimlert* to an LLC); *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015).

Applying *Daimler* to this case, it is clear that the Court does not have personal jurisdiction over Koch Mississippi. For starters, neither of the first two tests for general personal jurisdiction applies. Koch Mississippi is not incorporated in Illinois (it is a Mississippi LLC), and it does not have its principal place of business here. (Compl. ¶ 7.) This means that general personal jurisdiction in Illinois exists over Koch Mississippi *only if* the Court concludes that this is the "exceptional case" where Koch Mississippi's Illinois activities and presence are so extensive, so pervasive, and so regular that it may be deemed to be "at home" here. *See id.* at 758 n. 11. That is an extremely high bar to clear.

To evaluate whether a foreign company is so "at home" as to qualify as the exceptional case where general jurisdiction exists, courts must consider "the magnitude of the defendant's in-state contacts" relative to the company's "activities in their entirety, nationwide and worldwide."

*Daimler*, 134 S. Ct. at 762 n.20. While no precise "quantum of local activity" can trigger general jurisdiction, a company would need to be "comparable to a domestic enterprise in the State." *Id.* at 758 n.11, 762 n.20.

In *Daimler*, the Supreme Court assumed that Daimler had distributed thousands of cars to California, did $4.6 billion in sales in California (10% of its U.S. sales) and maintained at least three California facilities—including a regional headquarters. *Id.* at 752, 767. Nevertheless, and massive though Daimler's assumed presence in California was, the Court concluded it was not enough for general jurisdiction: "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Id.* at 762 n.20.

Here, Koch Mississippi cannot possibly be deemed to be "at home" in Illinois so as to qualify as an "exceptional case" giving rise to general jurisdiction here. Koch Mississippi does not employ anyone in Illinois, is not registered to do business in Illinois, does not have an office in Illinois, does not own any real property in Illinois, does not pay any income or property taxes to the State of Illinois, and does not have any Illinois telephone listing or telephone number. (Buckert Decl. ¶¶ 4-9.) It conducts no poultry processing activities outside the State of Mississippi, and has no processing plants outside of Mississippi. (White Decl. ¶¶ 7-8.) Under these facts, there is no general personal jurisdiction over Koch Mississippi in Illinois. *See Kipp*, 783 F.3d at 699 (recognizing that defendant did not maintain an Illinois office, did not have employees in Illinois, and was not registered to do business in Illinois for purposes of general jurisdiction).

### C.   This Court Does Not Have Specific Jurisdiction Over Koch Mississippi

A court has specific jurisdiction over a defendant only if the action "arises out of the defendant's forum-related activities." *Clover Techs.*, 993 F. Supp. 2d at 877. In this case, Plaintiffs allege that Koch Mississippi, a Mississippi company, violated the FLSA by not paying

Plaintiffs overtime compensation for work performed in Mississippi, Alabama and Georgia. (Compl. ¶¶ 7, 21, 72.) Plaintiffs fail to allege even one act or event that could establish specific jurisdiction in Illinois over Koch Mississippi. Because no events occurred that could "arise" out of Koch Mississippi's purported contacts with Illinois, this Court does not have specific jurisdiction over Koch Mississippi.

Therefore, as demonstrated above, Koch Mississippi is subject to neither general nor specific jurisdiction in Illinois, and it should be dismissed pursuant to Rule 12(b)(2).

## II.    This Case Should Be Dismissed For Improper Venue

The Complaint should be dismissed for improper venue pursuant to Rule 12(b)(3), 28 U.S.C. § 1391 ("Section 1391") and 28 U.S.C. § 1406 ("Section 1406"). Section 1391(b) provides that a plaintiff may only bring an action in one of the following locations:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction . . .

In turn, Section 1406(a) provides that a district court *shall* dismiss or transfer a case that is filed in the wrong division or district.

As demonstrated below, the Northern District of Illinois is not a proper venue under any of the three prongs of Section 1391(b).

### A.    No Venue Under Section 1391(b)(1)

Section 1391(b)(1) could be applied only if *all* defendants reside in Illinois. Pursuant to Section 1391(c)(2), for venue purposes, an entity is a resident of a state in which it is subject to personal jurisdiction. As explained in Section I above, Koch Mississippi is not subject to

6

personal jurisdiction in Illinois. Thus, it is not a "resident" of Illinois, and venue does not exist under the first prong listed in Section 1391.[1]

**B.** **No Venue Under Section 1391(b)(2)**

Section 1391(b)(2) lays venue in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Here, venue does not exist under Section 1391(b)(2) because *no* part of the events or omissions at issue in the Complaint occurred in Illinois. Indeed, the Complaint is devoid of *any* facts showing that "events or omissions giving rise to the claim" occurred in Illinois. Worse still for Plaintiffs, the Complaint's allegations affirmatively demonstrate that the events giving rise to the claims occurred elsewhere. For instance, Plaintiffs allege that "JET . . . transports the live-hauls crews from their homes [in Mississippi] to the farms where they perform Koch's chicken catching[,]" all of which are allegedly located in Mississippi, Alabama or Georgia. (*See* Compl. ¶¶ 3, 4, 21, 31.) Koch Mississippi has *no* poultry processing operations outside of Mississippi (White Decl. ¶ 8), so none of the activity alleged with respect to Koch Mississippi could have occurred outside of Mississippi.

In sum, no events or omissions giving rise to the claim occurred in Illinois, much less a substantial portion of such events or omissions. As a result, venue does not exist under Section 1391(b)(2).

**C.** **No Venue Under Section 1391(b)(3)**

Section 1391(b)(3) provides venue only if "there is no district in which an action may otherwise be brought as provided in this section." 28 U.S.C. § 1391(b)(3). Yet, here, the Complaint makes clear that there *is* a district in which this action "may otherwise be brought."

---

[1] Should the Court find that it lacks personal jurisdiction over JET, that would be another reason why venue does not exist under 1391(b)(1).

That is because, consistent with Section 1391(b)(2), a "substantial part of the events or omissions giving rise to the claim" occurred in Mississippi. As explained above, Plaintiffs allegedly performed work in Mississippi (or Alabama or Georgia) for two Mississippi companies, one of which operates only in Mississippi. As such, venue is proper in Mississippi under Section 1391(b)(2), and Plaintiffs are, thus, precluded from proceeding under the third prong of Section 1391.

\*     \*     \*

Because Defendants have demonstrated that venue is proper in Mississippi, not Illinois, the Court should dismiss this action pursuant to Rule 12(b)(3), or in the alternative, transfer this action to the United States District Court for the Southern District of Mississippi, Northern Division, pursuant to 28 U.S.C. Section 1406(a).

## III.  Alternatively, Even If The Court Finds Venue Is Proper In This District, It Should Exercise Its Discretion And Transfer The Action Pursuant To 28 U.S.C. § 1404(a)

Even if the Court determines that venue exists in this Court (it should not), it should exercise its discretion and transfer this case to the Southern District of Mississippi, Northern Division, pursuant to 28 U.S.C. § 1404(a) ("Section 1404). That Section provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." Section 1404(a) was enacted to allow "easy change of venue within a unified federal system. . . ." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981).

Thus, this Court has discretion to "transfer venue to another district . . . for reasons of convenience when it is 'in the interest of justice.'" *Moore v. Motor Coach Indus., Inc.*, 487 F. Supp. 2d 1003, 1006 (N.D. Ill. 2007) (quoting Section 1404). For the Court to transfer venue, the Koch Defendants must show that the following requirements are met: "(1) venue is proper in

this district; (2) venue is proper in the transferee district [*i.e.*, the Southern District of Mississippi]; (3) the transferee district is more convenient for both parties and witnesses; and (4) transfer would serve the interests of justice." *Id.* (citing *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999)). The Court "must consider these statutory factors 'in light of all the circumstances of the case.'" *Id.*

In this case, the circumstances require a change of venue to Mississippi. We will address each of the four requirements for transfer, in turn.

## A.    The First Requirement For Transfer Is Assumed

The alternative request for transfer comes into play only if the Court finds that it is a proper venue. In that event, the first requirement for transfer would be satisfied.

## B.    The Second Requirement For Transfer Is Satisfied

As discussed above, the events or omissions giving rise to the claim occurred in Mississippi, not Illinois. Venue is thus proper in the Southern District of Mississippi, Northern Division. *See* 28 U.S.C. § 1391(b)(2). Thus, the second factor for transfer under Section 1404 is satisfied.

## C.    The Third Requirement For Transfer Is Satisfied

To determine whether the third factor for transfer under Section 1404 -- the convenience of parties and witnesses -- is satisfied, the Court must analyze the following *private* interest factors:  (1) the plaintiffs' choice of forum; (2) the situs of the material events; (3) the convenience of the parties; and (4) the convenience of the witnesses. *Moore*, 487 F. Supp. 2d at 1006. Here, each of these factors favors a transfer.

### 1.    Plaintiffs' Choice Of Forum

Although a plaintiff's choice of forum is ordinarily given substantial weight, that weight is lessened under various circumstances. *Id.* at 1006-7. Here, Plaintiffs' choice of forum should

be given very little weight -- if any -- because there is absolutely no relationship between Illinois and the material events surrounding this case. Indeed, as already explained, *all* relevant events occurred in Mississippi. "A plaintiff's choice of forum is afforded less deference . . . when another forum has a stronger relationship to the dispute or when the forum of plaintiff's choice has no significant connection to the situs of material events." *Id.* at 1007. Further, "deference is lessened . . . if the forum [chosen by the plaintiff] does not have a significant relationship to the material events leading to the litigation." *Illinois Computer Research, LLC v. Harpercollins Publishers, Inc.*, No. 10 C 5021, 2010 WL 4877501, at *2 (N.D. Ill. Nov. 22, 2010) (St. Eve, J.). That, of course, is the case here. Finally, neither named Plaintiff resides in the Northern District of Illinois (Compl. ¶¶ 3-4), which is another reason that a plaintiff's choice of forum is entitled to less deference. *Moore*, 487 F. Supp. 2d at 1006-7. Because no material events occurred in Illinois and both Plaintiffs reside in Mississippi, the proper forum for this action, this factor weighs heavily in favor of transfer.

### 2.     Situs Of Material Events

Again, the events surrounding Plaintiffs' claims occurred in Mississippi. The Complaint (at ¶¶ 3-4, 7, 9, 21, 24-25, 58) alleges that Plaintiffs were improperly compensated in Mississippi by Mississippi companies for work completed on Mississippi farms. Nowhere do Plaintiffs allege even one event that occurred in Illinois. Consequently, this factor weighs strongly in favor of transfer to the Southern District of Mississippi, Northern Division. *See Harper v. Ill. Dep't of Corrs.*, No. 16-cv-2171, 2016 WL 3014835, at *2 (N.D. Ill. May 26, 2016) (the second factor weighs in favor of transfer where all relevant events took place in transferee district).

### 3.     Convenience Of The Parties

As an overarching matter, should the Court dismiss Koch Mississippi and JET from this case for lack of personal jurisdiction, only Koch Meat would remain as a party. In that event,

proceeding in this Court would be totally inconvenient, since the same exact case would be proceeding against one defendant here and two defendants in the Southern District of Mississippi. It would be hard to imagine a more inconvenient and inefficient procedure.

The convenience of the parties factor strongly favors transfer. To determine the convenience of the parties, courts must consider the "'relative ease of access to sources of proof' and the 'cost of securing witnesses' as factors in the transfer analysis." *Moore*, 487 F. Supp. 2d at 1007. The business records related to grow-out operations for the Slaughter Plant are located in Mississippi. (Keyes Decl. ¶ 9.) Plaintiffs reside in Mississippi (Compl. ¶¶ 3-4) and all work for the alleged live-haul operations for Koch Mississippi's Slaughter Plant takes place in Mississippi (Keyes Decl. ¶¶ 4, 6, 8), so the cost of securing witness testimony will be increased if this case is situated in Illinois. Indeed, given that all relevant events took place in Mississippi and the relevant witnesses are located in Mississippi, substantially all discovery will take place in Mississippi. *See Moore*, 487 F. Supp. 2d at 1007-08 (finding that convenience of the parties factor weighs in favor of transfer when at least some discovery must take place in transferee district).

Further, transferring venue to the Southern District of Mississippi would not shift convenience from one party to another. Indeed, *all* parties would be inconvenienced by having to litigate in Illinois, a venue that is unrelated to any events surrounding this case and one in which none of the individual parties, key witnesses or documentary evidence is located.

### 4.     Convenience Of The Witnesses

"The convenience of witnesses is often the most important factor in determining whether to grant a motion to transfer." *Id.* at 1008. Courts must primarily look to the "nature and quality of the witnesses' testimony with respect to the issues of the case." *Oplus Techs., Ltd. v. Sears Holding Corp.*, No. 11-CV-8539, 2012 WL 2280696, at *6 (N.D. Ill. June 15, 2012). The likely

witnesses in this case currently work or previously worked at Koch Mississippi and JET Poultry, both of which are located in Mississippi. (*See, e.g.*, Compl. ¶¶ 3-4); *see also Harper*, 2016 WL 3014835 at *2 (holding that location of employee-witnesses in transferee district favored transfer to that district). Presumably, these witnesses also live in Mississippi as well. Therefore, this factor also weighs in favor of transfer to Mississippi.

**D. The Fourth Requirement For Transfer Is Satisfied**

The fourth requirement for transfer under Section 1404 -- that transfer would serve the interests of justice -- is also satisfied. To determine whether this requirement is met, courts must consider the *public* interest factors. *See Moore*, 487 F. Supp. 2d at 1008. This analysis focuses on the "transferor and transferee court's familiarity with the applicable law and the effect of transfer on the efficient administration of justice." *Id.* More specifically, when considering the interests of justice, courts should consider: "(1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in each locale; and (4) the relation of each community to the occurrence at issue." *Nalco Co. v. Envtl. Mgmt., Inc.*, 694 F. Supp. 2d 994, 998 (N.D. Ill. 2010). We address each factor, in turn.

**1. Speed To Trial**

The first public interest factor focuses on "docket congestion and likely speed to trial." *Research Automation*, 626 F.3d at 978 ; *see also Moore*, 487 F. Supp. 2d at 1009 (considering speed to trial as part of the interests of justice). According to the Federal Court Management Statistics, the median time to trial in the Southern District of Mississippi is 19 months, while the median time to trial in the Northern District of Illinois is 38.6 months. Federal Court Management Statistics as of March 31, 2016, available at http://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2016/03/31-1. This factor weighs in favor of transfer.

### 2.    The Courts' Familiarity With Applicable Law

In this case, Plaintiffs' only claim is a federal statutory claim under the FLSA to which federal common law will apply.  Thus, this factor is neutral.

### 3.    Desirability Of Resolving Controversies In Each Locale

A state has an interest in adjudicating disputes where the conduct of businesses operating out of that state is at the heart of the matter.  *See Vanguard Mun. Bond Fund, Inc. v. Thomson Pub. Corp.*, 974 F. Supp. 1159, 1162 (N.D. Ill. 1997).  Here, that is Mississippi.  In addition to having an interest in regulating its businesses, Mississippi clearly also has an interest in redressing any alleged wrongs done to its citizens.  Both Koch Mississippi and JET are Mississippi businesses, and Plaintiffs are Mississippi citizens.  Thus, Mississippi -- but not Illinois -- has a strong interest in resolving this case.  Thus, this factor weighs in favor of transfer to Mississippi.

### 4.    Relation Of Each Community

Some courts also consider "the relationship of the communities to the litigation."  *Moore*, 487 F. Supp. 2d at 1009.  Although Koch Meat admittedly has a presence in Illinois, this presence is neutralized by the presence of JET, Koch Mississippi and Plaintiffs in Mississippi. Importantly, every act complained of in Plaintiffs' Complaint occurred in Mississippi.  This also neutralizes Koch Meat's presence here.  *See id.* (defendant's presence in the transferor district is "neutralized by the fact that the transferee district is where the alleged accident took place").  As such, this factor weighs in favor of transfer.

*     *     *

Based on the foregoing reasons, all of the pertinent factors under Section 1404(a) favor transfer.  Accordingly -- and in the alternative -- this matter should be transferred to the Southern District of Mississippi, Northern Division.

## **CONCLUSION**

For the foregoing reasons the Court should: (a) dismiss Koch Mississippi pursuant to Rule 12(b)(2) for lack of personal jurisdiction; (b) dismiss this case pursuant to Rule 12(b)(3) or, in the alternative, transfer it to the Southern District of Mississippi, Northern Division on venue grounds; and (c) grant the Koch Defendants such other and further relief as it deems appropriate.

Respectfully submitted,

KOCH MEAT CO., INC. and
KOCH FOODS OF MISSISSIPPI, LLC

By: /s/ Courtney D. Tedrowe
        One of Their Attorneys

## <u>CERTIFICATE OF SERVICE</u>

Courtney D. Tedrowe, an attorney, certifies that he caused copies of the foregoing to be served on all parties who have appeared of record by electronically filing the document with the Clerk of Court using the ECF system this 4th day of August, 2016.


    /s/ Courtney D. Tedrowe