IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JIMMY R. NICKS and JAMES EARL PATRICK, individually and on behalf of all persons similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 16 CV 6446 |
| v. | ) ) | Judge: Amy J. St. Eve |
| KOCH FOODS, INC., *et al.*, | ) ) | |
| Defendants. | ) | |

### KOCH DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR THE CONTINUATION OF LIMITED DISCOVERY RELATED TO PLAINTIFFS' FAIR LABOR STANDARDS ACT CLAIMS

Stephen Novack (snovack@novackmacey.com)
Courtney D. Tedrowe (cdt@novackmacey.com)
Andrew P. Shelby (ashelby@novackmacey.com)
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, IL 60606
(312) 419-6900

Scott W. Pedigo (spedigo@bakerdonelson.com)
Russell W. Gray (rgray@bakerdonelson.com)
Baker, Donelson, Bearman
  Caldwell & Berkowitz, P.C.
100 Vision Drive, Suite 400
Jackson, MS 39211
(601) 351-2400

Doc. No. 889594

I.  **INTRODUCTION**

Pursuant to their first discovery motion, Plaintiffs have already been allowed so-called "limited" discovery. But that discovery was not so limited, as it included six sets of interrogatories, two sets of requests for production, the deposition of the Chief Financial Officer of Koch Foods, Inc. ("Koch Inc."), and the 30(b)(6) deposition of Koch Foods of Mississippi, LLC -- all before any Defendant has filed an answer and before any Rule 26(f) conference has been set, much less conducted. Plaintiffs now want additional discovery or, alternatively, tolling of the statute of limitations.

The two named Plaintiffs herein are Mississippi residents who claim to have been undercompensated in Mississippi for work they did in Mississippi by their direct Mississippi employer (who was an independent third-party contractor of Koch Mississippi). The named Plaintiffs initially filed their complaint as a purported collective action on behalf of other workers in Mississippi against the Mississippi third-party contractor (Jet), Koch Mississippi and Koch Meat. Since then, they have improperly used the previous limited discovery to try to expand the case to cover workers in Alabama, Tennessee and Georgia. The first step was the filing of their Amended Complaint which, while it added numerous other Koch Defendants, did not name any other third-party contractors. Indeed, the named Plaintiffs apparently do not know who the third-party contractors are in those other states, who their employees are and -- even more critically -- whether they do or do not pay overtime or are otherwise in compliance with the FLSA. So, now, they seek discovery as a fishing expedition to find additional potential defendants and plaintiffs.

The Koch Defendants have filed an omnibus motion to dismiss the Amended Complaint or, in the alternative, to transfer this case to the Southern District of Mississippi, Northern

Division (the "Dismissal Motion"). In particular, the Dismissal Motion seeks: (1) to dismiss or transfer the case based on improper venue; (2) to dismiss all claims against all Koch Defendants other than Koch Mississippi, Koch Meat and Koch Inc. (the "AL-TN-GA Koch Defendants"); and (3) to dismiss as to all Koch Defendants all claims based on work performed outside of Mississippi for lack of standing.

The Koch Defendants oppose Plaintiffs' Motion for the Continuation of Limited Discovery (the "Second Discovery Motion"). In particular, for the reasons set forth below, we ask the Court to deny the Second Discovery Motion outright or, at the very least, to await the outcome of the Dismissal Motion before ruling on the Second Discovery Motion. Further, there are no extraordinary circumstances for which the Court should toll the statute of limitations for potential opt-in plaintiffs.

## II.   FACTS AND PROCEDURAL HISTORY

Plaintiffs, two Mississippi residents, filed their single-count Complaint on June 21, 2016, asserting a single claim for violation of the Fair Labor Standards Act ("FLSA") against Koch Meat Co., Inc. ("Koch Meat"), Koch Foods of Mississippi ("Koch Mississippi") and Plaintiffs' employer, Jet Poultry Services, Inc. ("Jet") (collectively, the "Original Defendants"). (Dkt. No. 1.) On August 24, Plaintiffs filed their Motion for the Commencement of Limited Discovery Related to Plaintiffs' Fair Labor Standards Act Claim (the "First Discovery Motion"). (Dkt. No. 49.) Plaintiffs sought leave to serve a limited number of document requests and interrogatories on Defendants, purportedly to support a motion for conditional certification of the FLSA collective class. (*Id.*) Leave was required, because no Rule 26(f) conference had been held. *See* Fed. R. Civ. P. 26(f). At the time, Defendants had already filed -- on personal jurisdiction and venue grounds -- motions to dismiss or transfer the case to Mississippi, where the events at issue

2

took place. (Dkt. Nos. 37-42.) On August 31, over Defendants' objection, the Court granted the First Discovery Motion and allowed Plaintiffs to serve written discovery, but found the requests overly broad and directed the parties to meet and confer regarding limiting the scope. (Dkt. No. 58.)

Unsatisfied with the scope of discovery to which the Koch Defendants agreed, on or about September 23, 2016, Plaintiffs, without leave, issued 16 third-party subpoenas to a variety of Koch companies affiliated in some way with Koch Meat or Koch Mississippi. In response, on October 7, 2016, Koch Meat and Koch Mississippi filed a Motion for a Protective Order (Dkt. Nos. 65-67) and a Supplemental Motion on October 14, 2017 (Dkt. 73-75 (collectively, the "Protective Order Motion").) After a hearing on the Protective Order Motion, the Court granted the motion as to all non-party Koch entities, except Koch Farms of Mississippi, LLC ("Koch Farms Mississippi"), and allowed Plaintiffs to issue five interrogatories to Koch Mississippi and Koch Farms Mississippi (even though not a party at the time) regarding contracts with Jet. (Dkt. No. 78.) Plaintiffs served those interrogatories, and Koch Mississippi and Koch Farms Mississippi timely responded.

Thereafter, on October 27, 2016, the Court entered its Memorandum Opinion and Order, denying without prejudice, the Motion to Dismiss, or In the Alternative, to Transfer Venue. (Dkt. No. 82.) In its Order, the Court allowed Plaintiffs the opportunity to take limited discovery regarding jurisdiction and venue. (Dkt. No. 82.) Specifically, Plaintiffs were allowed to issue three interrogatories to Koch Meat and Koch Mississippi; depose Koch Foods, Inc.'s Chief Financial Officer, Lance Buckert; and conduct a 30(b)(6) deposition of Koch Mississippi. (*Id.*) Plaintiffs conducted this discovery.

3

Thereafter, Plaintiffs sought, and were allowed, to amend their Complaint to name Koch Foods, Inc. ("Koch Foods") and an additional 14 Koch Foods' subsidiaries.[1] Plaintiffs now seek "continuation of limited discovery" to have all newly added Koch Defendants operating outside of Mississippi ("the AL-TN-GA Koch Defendants") identify with whom they contracted to provide live-haul catching services, the number of crews and the number of crew members per crew, and the method of payment, and to produce copies of any applicable contracts. This "limited discovery" can only be viewed only as an expedition to fish for potential non-Mississippi defendants and plaintiffs in a case to which the Al-TN-GA Koch Defendants should not be parties and from which they will likely be dismissed. For the reasons discussed below, the Court should deny the Second Discovery Motion.

### III. ARGUMENT

#### A. Plaintiffs' Request For Discovery Should Be Denied

As recently amended, Federal Rule of Civil Procedure 26(b)(1) sets limits on the scope of all discovery in federal actions. It provides:

> [T]he scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). The Court has the inherent authority to manage and oversee all aspects of the discovery process. *Costello v. Poisella*, 291 F.R.D. 224, 230 (N.D. Ill. 2013). The

---

[1] Specifically, through the Amended Complaint, Plaintiffs named as defendants Koch Foods, Inc. and the following subsidiaries: Koch Farms Mississippi; Koch Foods of Alabama, LLC; Koch Farms of Alabama, LLC; Koch Foods of Ashland, LLC; Koch Farms of Ashland, LLC; Koch Foods, LLC d/b/a Koch Foods of Chattanooga, LLC and d/b/a Koch Foods of Morristown, LLC; Koch Farms, LLC; Koch Foods of Gadsden, LLC; Koch Farms of Gadsden, LLC; JCG Foods of Alabama, LLC d/b/a Koch Foods of Collinsville; JCG Farms of Alabama, LLC; JCG Foods of Georgia, LLC d/b/a Koch Foods of Pine Mountain Valley; and JCG Farms of Georgia, LLC.

4

Supreme Court has cautioned that "the requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied, and the district courts should not neglect their power to restrict discovery where 'justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .'" *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (internal citations omitted). "With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process." *Id.*

This Court should exercise appropriate control over discovery and deny Plaintiffs' request for "continuation of limited discovery." As mentioned above, the Koch Defendants have filed the Dismissal Motion asserting that: (1) this matter has been filed in an improper or, in the alternative, an inconvenient venue; (2) that Plaintiffs have failed to allege any claim upon which relief may be granted against the AL-TN-GA Koch Defendants; and (3) that the named Plaintiffs lack standing to bring claims against any of the Koch Defendants based upon work that occurred outside of Mississippi.

In particular, the Dismissal Motion shows that the AL-TN-GA Koch Defendants should be dismissed from this case pursuant to Rule 12(b)(6) because, among other things, the named Plaintiffs do not allege facts anywhere in the Amended Complaint alleging: (1) that they were ever employed, directly or indirectly, by any of the AL-TN-GA Koch Defendants; (2) that they were ever employed by any third party contractor providing services to any of the AL-TN-GA Koch Defendants; (3) that they ever provided services anywhere other than at the Mississippi Complex; or (4) that the AL-TN-GA Koch Defendants exercised any control over or direction with respect to the named Plaintiffs' work. (*See* Dkt. No. 110 pp. 24-25.)

Further, the Dismissal Motion shows that all claims based on work that occurred outside of Mississippi should be dismissed as against all Koch Defendants for lack of standing because, among other things, the Amended Complaint:

5

> (1) does not allege that the named Plaintiffs performed any work outside of Mississippi or the Mississippi Complexes; (2) does not allege that they worked for any third-party contractor other than Jet; (3) does not allege that they were underpaid for work done anywhere but in Mississippi; and (4) does not allege that they were otherwise injured in connection with any activities by them outside of Mississippi.

(*Id.* p. 29.)

Yet, the new discovery is sought from the very same AL-TN-GA Koch Defendants who the Dismissal Motion seeks to have completely dismissed from this case, and the purported claims about which the new discovery is sought are the very same claims that the Dismissal Motion seeks to dismiss from this case. As such, and for the other reasons set forth herein, the Second Discovery Motion should be denied.

Further, the sole purpose of the proposed discovery is to fish for additional plaintiffs and defendants. But that is not a proper purpose of discovery, even in a collective action. *E.E.O.C. v. Harvey L. Walner & Assoc.*, 91 F.3d 963, 971-972 (7th Cir. 1996) ("discovery is not to be used as a fishing expedition."); *Alexander v. Caraustar Industries, Inc.*, No. 11 C 1007, 2011 WL 2550830, *4 (N.D. Ill. June 27, 2011) (discovery limited to class of Chicago employees; court "invites defendants to file a motion for protective order should plaintiffs seek discovery unrelated to the Chicago plant" in effort to bring nationwide class referenced in the complaint). Plaintiffs have an obligation to investigate their claims before commencing litigation, and discovery should not be used to determine whether Plaintiffs have a claim, and, if so, by and against whom. In their Second Discovery Motion, Plaintiffs assert that they need the additional discovery "to provide a basis for them to file their Notice Motion for the proposed FLSA Collective." (Dkt. No. 106, p. 5.) Inherent in that statement is that they do not know if they even have claims against the AL-TN-GA Koch Defendants. They admit they need the discovery "to confirm that: (1) all of the Complexes use third party contractors to supply labor to catch Koch's chickens; (2) to identify each of the third party contractors so that the potential collective members may be sent Court approved notice in the

6

event that the Court grants Plaintiffs' motion; and (3) to confirm that Koch pays all of the third party contractors on a piece rate, or per chicken basis." (*Id.* p. 6.) This means Plaintiffs do not have an evidentiary basis to support their claims against the AL-TN-GA Koch Defendants, and Plaintiffs should not be granted discovery without some evidentiary basis or opt-in plaintiffs to support those claims. The Plaintiffs' Second Discovery Motion should be denied.

**B.    The Court Should Reject Plaintiff's Alternative Request For The Court To Toll The Statute Of Limitations**

Plaintiffs also ask this Court to issue a preliminary order equitably tolling the statute of limitations for the putative class if their requested discovery is not allowed. Plaintiffs' request is premature and improper. To start, although Plaintiffs seem to suggest otherwise, the mere filing of a collective action does not toll the statute of limitations for the putative class. *See Sylvester v. Wintrust Fin. Corp.*, No. 12 C 01899, 2014 WL 10416989, *3 (N.D. Ill. Sept. 26, 2014) ("Congress plainly did not view the filing of a putative collective action to be an adequate reason to stop the clock on claims of other putative members of the collective . . . ."). For this Court to enter a tolling order, opt-in plaintiffs must show that: (1) they have diligently pursued their rights; and (2) "some extraordinary circumstance stood in the way and prevented timely filing." *Bergman v. Kindred Healthcare, Inc.*, 949 F. Supp. 2d. 852, 860 (N.D. Ill. 2013). Plaintiffs have failed to articulate any "extraordinary circumstance" to warrant tolling.

Moreover, at this stage of the proceedings, the Court does not have jurisdiction over the putative class—*i.e.*, the Court does not have jurisdiction over prospective plaintiffs. It, therefore, "would be improper for the Court to toll the statute of limitations for prospective plaintiffs." *Piekarski v. Amedisys Illinois, LLC*, No.12-cv-7346, 2013 WL 2357536, *3 (N.D. Ill. May 28, 2013). Further, the Seventh Circuit has made clear that equitable tolling is a highly fact-dependent, exceptional remedy decided on a case-by-case basis. There are, however, no actual

event that the Court grants Plaintiffs' motion; and (3) to confirm that Koch pays all of the third party contractors on a piece rate, or per chicken basis." (*Id.* p. 6.) This means Plaintiffs do not have an evidentiary basis to support their claims against the AL-TN-GA Koch Defendants, and Plaintiffs should not be granted discovery without some evidentiary basis or opt-in plaintiffs to support those claims. The Plaintiffs' Second Discovery Motion should be denied.

**B.    The Court Should Reject Plaintiff's Alternative Request For The Court To Toll The Statute Of Limitations**

Plaintiffs also ask this Court to issue a preliminary order equitably tolling the statute of limitations for the putative class if their requested discovery is not allowed. Plaintiffs' request is premature and improper. To start, although Plaintiffs seem to suggest otherwise, the mere filing of a collective action does not toll the statute of limitations for the putative class. *See Sylvester v. Wintrust Fin. Corp.*, No. 12 C 01899, 2014 WL 10416989, *3 (N.D. Ill. Sept. 26, 2014) ("Congress plainly did not view the filing of a putative collective action to be an adequate reason to stop the clock on claims of other putative members of the collective . . . ."). For this Court to enter a tolling order, opt-in plaintiffs must show that: (1) they have diligently pursued their rights; and (2) "some extraordinary circumstance stood in the way and prevented timely filing." *Bergman v. Kindred Healthcare, Inc.*, 949 F. Supp. 2d. 852, 860 (N.D. Ill. 2013). Plaintiffs have failed to articulate any "extraordinary circumstance" to warrant tolling.

Moreover, at this stage of the proceedings, the Court does not have jurisdiction over the putative class—*i.e.*, the Court does not have jurisdiction over prospective plaintiffs. It, therefore, "would be improper for the Court to toll the statute of limitations for prospective plaintiffs." *Piekarski v. Amedisys Illinois, LLC*, No.12-cv-7346, 2013 WL 2357536, *3 (N.D. Ill. May 28, 2013). Further, the Seventh Circuit has made clear that equitable tolling is a highly fact-dependent, exceptional remedy decided on a case-by-case basis. There are, however, no actual

facts presently before the Court, only Plaintiffs' supposition about future events and the postulated need for tolling. As a result, their request for tolling at this stage of the proceedings improperly asks for an advisory opinion. *See Wis. Envtl. Decade, Inc. v. State Bar of Wis.*, 747 F.2d 407, 410 (7th Cir.1984) ("Federal courts established pursuant to Article III of the Constitution do not render advisory opinions."); *see also Miller-Basinger v. Magnolia Health Sys.*, No. 2:15-cv-89-WTL-DKL, 2016 WL 773191, *2 (S.D. Ind. Feb. 22, 2016) ("It is premature for this Court to toll the statute of limitations for potential Plaintiffs because doing so would require the Court to issue an advisory opinion, which would impermissibly address the rights of parties not before the Court."); *Weil v. Metal Techs., Inc.*, No. 2015-cv-16-JMS-DKL, 2015 WL 5827594, *2 (S.D. Ind. Oct. 6, 2015) ("[T]he Court agrees with Metal Technologies that if it grants Plaintiffs' request to toll the statute of limitations for potential Opt-In Plaintiffs at this juncture, it would be issuing an impermissible advisory opinion."). As these authorities demonstrate, Plaintiffs' request for a preliminary tolling order is premature and improper. This Court should overrule and deny the request accordingly.

Finally, Plaintiffs cite *Bergman v. Kindred Healthcare, Inc.*, 949 F. Supp. 2d 852, 860-61 (N.D. Ill. 2013), for the proposition that the Court should toll the statute of limitations for all opt-in plaintiffs pending resolution of the Motion to Dismiss. (Dkt. No. 106 (quoting *Bergman* for the proposition that "the long delay in issuing a ruling is an extraordinary circumstance that should not cause the opt-ins to lose out on the potential benefits of the lawsuit").) Plaintiffs' reliance mischaracterizes the stage of proceedings in *Bergman*. Specifically, the motion to which the court was referring in that quote was a motion for conditional class certification, not a 12(b) motion to dismiss. *Id.* The *Bergman* motion for conditional certification had been fully briefed as of June 30, 2011; however, the court did not rule until almost two years later on June

8

11, 2013. *Id.* Because of the court's delay in ruling on the conditional certification motion, the court tolled the statute of limitations from June 30, 2011 to the date that the ruling was entered on the docket. *Id.* at 861. In so doing, however, the court recognized that "[n]o tolling will be applied prior to that date, and absent another unusual delay, there will no further tolling for the time necessary to issue the opt-in notice and process any consent forms that are received. These are circumstances that are part of the ordinary litigation of an FLSA case." *Id.*

Here, there is no motion for conditional certification currently pending, and Plaintiffs have not alleged any extraordinary circumstances to warrant the tolling of the statute of limitations pending the Court's ruling on the Motion to Dismiss. Moreover, the Koch Defendants expect the Court to rule on the Motion to Dismiss in a prompt and efficient manner as the Court did with the original Motion to Dismiss. The original Motion to Dismiss was filed on August 4, 2016 (Dkt. No. 40); Plaintiffs filed their Response on August 30, 2016 (Dkt. No. 56); the Koch Defendants filed their Reply on September 20, 2016 (Dkt. No. 62); Plaintiffs filed their Sur-Reply on October 12, 2016 (Dkt. No. 71); and the Court issued its Memorandum Opinion and Order fifteen days later on October 27, 2016 (Dkt. No. 82). Given the efficient manner in which the Court handles its docket, there are no extraordinary circumstances necessitating a tolling of the statute of limitations. Therefore, the Court should deny Plaintiffs' alternative request to toll the statute of limitations for all potential opt-in plaintiffs.

**IV.     CONCLUSION**

The Court should rule upon the Dismissal Motion before allowing any additional discovery. Additionally, there are no extraordinary circumstances to justify tolling of the statute of limitations. Therefore, the Koch Defendants respectfully request that the Court deny the

9

Second Discovery Motion and grant the Koch Defendants such other and further relief as is appropriate.

        Respectfully submitted,

        THE KOCH DEFENDANTS

        By: /s/ Courtney D. Tedrowe
            One of Their Attorneys

**CERTIFICATE OF SERVICE**

Courtney D. Tedrowe, an attorney, certifies that he caused copies of the foregoing to be served on all parties who have appeared of record by electronically filing the document with the Clerk of Court using the ECF system this 3rd day of February, 2017.

    /s/ Courtney D. Tedrowe